ACCEPTED
01-15-00685-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
8/14/2015 11:29:19 AM
CHRISTOPHER PRINE
CLERK

## No. 01-15-00685-CV

IN THE FIRST COURT OF APPEALS
HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
8/14/2015 11:29:19 AM
CHRISTOPHER A. PRINE
Clerk

**IN RE AMY WILLIAMS,**
*Relator.*

*Original Proceeding from the 309th Judicial District Court
Harris County, Texas, Hon. Sheri Y. Dean, Judge Presiding*

**REAL PARTY IN INTEREST'S RESPONSE TO
RELATOR'S MOTION FOR EMERGENCY RELIEF**

TO THE HONORABLE FIRST COURT OF APPEALS:

Real Party in Interest Harold Holmes ("Holmes") files this ***Real Party in Interest's Response to the Motion for Emergency Relief*** to the ***Relator's Motion for Emergency Temporary Relief*** filed by Relator Amy Williams ("Williams"), and in support thereof, respectfully shows as follows.

1. On June 19, 2009, Judge Frank Rynd, of the 309th Judicial District Court of Harris County, signed the ***Order***, which related to the payment and collection of child support arrearages and attorney's fees, which is attached hereto as Exhibit "A," and incorporated for all purposes herein.

2. On July 17, 2009, Holmes's attorney filed a ***Motion to Modify, Correct, or Reform Judgment***, which related to the payment and collection of

1

child support arrearages and attorney's fees, which is attached hereto as Exhibit "B," and incorporated for all purposes herein.

3. On October 1, 2009, this Court signed the ***Final Reformed Order***, which is the current order governing the payment and collection of child support arrearages and attorney's fees, which is attached hereto as Exhibit "C," and incorporated for all purposes herein.

4. Since 2009, the enforcement and collection methods taken by Williams and her counsel have been an issue in this case. Following Judge Rynd's ***Order*** signed on June 19, 2009, William's counsel issued a "*Judicial Writ of Income Withholding to Employer*" that withheld $2,311.95 a month without the Court's approval of such amount, which is attached as Exhibit A to the ***Motion to Modify, Correct, or Reform Judgment***, *see attached* Exhibit "B." Following the hearing on Holmes's ***Motion to Modify, Correct, or Reform Judgment***—which considered William's ability to issue a withholding order for collection of child support—Judge Rynd made specific rulings regarding the enforcement and collection of child support arrearages and attorney's fees in this matter in his ***Final Reformed Order***, *specifically limiting* the monthly amount to be withheld and *specific limitations* on enforcing the order, *see attached* Exhibit "C."

It is important to note that in both the ***Order***, signed on June 19, 2009 and the ***Final Reformed Order***, Judge Rynd ordered that Williams was only given a

2

judgment for attorney's fees and gave Williams no authority to withhold for the attorney's fees awarded.

Section 158.0051(a) of the Texas Family Code, upon in which Williams relies, states that: "In addition to an order for income to be withheld for child support, including child support and child support arrearages, the court *may* render an order that income be withheld from the disposable earning of the obligor to be applied towards the satisfaction of any ordered attorney's fees and costs resulting from an action to enforce child support under this title." Although Judge Rynd had authority to issue a wage withholding order for attorney's fees in this matter, per Section 158.0051(a), the decision to allow a wage withholding order for this purpose was at his discretion and Judge Rynd, in fact, did *not* order wage withholding for attorney's fees in this case.

5.     On July 28, 2015, when counsel appeared before the Court, the Honorable Judge Sheri Y. Dean, did not have the ability to hear this case due to the Court's docket on that date. In an effort to manage the Court's docket, Judge Dean reset this case for hearing on October 2, 2015. Also on July 28, 2015, Judge Dean ordered that the child support withholding order be temporarily stayed until the Court could hear this matter on October 2, 2015. Judge Dean clearly stated to counsel that the withholding order would resume, in the event that the Court found outstanding child support arrearages. In accordance with Judge Dean's ruling,

3

Holmes's counsel submitted two proposed orders to effectuate Judge Dean's ruling. The first order, signed by Associate Judge Beverly Malazzo, terminated withholding for child support until October 2, 2015, which is attached hereto as Exhibit "D," and incorporated for all purposes herein. The second order, also signed by Associate Judge Beverly Malazzo, resumes withholding for child support on October 2, 2015, which is attached hereto as Exhibit "E," and incorporated for all purposes herein. In the event that Judge Dean determines that child support is owed at the October 2, 2015 hearing, the withholding order will be in place. Williams claim that this case requires emergency relief is inaccurate because, as the orders stand now, withholding from Holmes's wages resumes on October 2, 2015, unless there is ruling in Holmes's favor by Judge Dean on that date.

6.    In the ***Final Reformed Order*** described above, Holmes was ordered to make all payments through the Texas Child Support State Disbursement Unit, P.O. Box 659791, San Antonio, Texas 78265-9791. The ***Texas Child Support Disbursement Unit Payment Record*** is attached hereto as Exhibit "F," and incorporated for all purposes herein. This payment record shows that as of August 13, 2015, Harold Holmes has paid approximately $53,781.85 through the Texas Child Support Disbursement Unit. Williams complains that because Holmes's pleadings stated, as of June 2016, there was a remaining balance the obligation

remained unsatisfied. However, as of July 28, 2015, as demonstrated by Holmes's child support payments in the month of July (as of the date of the hearing in question) Holmes had paid his child support obligation to Amy Williams in full.

The requested relief by Williams is to continue to garnish Holmes's income through a wage withholding order for attorney's fees, which is improper and was specifically not ordered by Judge Rynd in the *Final Reformed Order*.

## CONCLUSION AND PRAYER

For all of the foregoing reasons, Real Party in Interest Harold Holmes respectfully prays that the Court deny *Relator's Motion for Emergency Temporary Relief*.

Respectfully submitted,

**FULLENWEIDER WILHITE**

By: __/s/ Lauren E. Waddell___
Lauren E. Waddell
State Bar No. 24036440
4265 San Felipe Street, Suite 1400
Houston, Texas 77027
Telephone: (713) 624-4100
Facsimile: (713) 624-4141
E-mail: lwaddell@fullenweider.com
**ATTORNEY FOR**
**REAL PARTY IN INTEREST**
**HAROLD HOLMES**

By: ___/s/ John A. Ramirez____
John Anthony Ramirez
State Bar No. 00784808
917 Franklin, Suite 510
Houston, Texas 77002
Telephone: (713) 224-9900
Facsimile: (713) 224-9903
E-mail: jaramirez.law@gmail.com
**ATTORNEY FOR**
**REAL PARTY IN INTEREST**
**HAROLD HOLMES**

### CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I hereby certify that this response was prepared in Times New Roman 14-point font, and contains 929 words, and that this number was calculated using the word count program of Microsoft Word, which is the program that was used to prepare this document.

_____/s/ Lauren E. Waddell_____
Lauren E. Waddell

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Real Party in Interest's Response to Relator's Motion for Emergency Relief* has been served electronically via e-filing on the following counsel of record, this 14th day of August, 2015:

Honorable Sheri Y. Dean
District Judge, 309th Judicial District Court of Harris County, Texas
201 Caroline, 16th Floor
Houston, Texas 77002

Steven A. Sinkin
Andrew Ross
Sinkin Law Firm
105 West Woodlawn
San Antonio, Texas 78212

_____/s/ Lauren E. Waddell_____
Lauren E. Waddell



Cause No. 703024

In the Interest of

Glenna Noel Holmes

A Child

§
§
§
§
§
§

In the District Court

309th Judicial District

Harris County, Texas

FILED
Loren Jackson
District Clerk
Time ·
JUN 19 2009
By
Harris County, Texas
Deputy

## Order

On December 18, 2007, came on to be heard **Amy Williams'** *Original Answer and Affirmative Relief and Request for Sanctions, Original Answer to Intervention and Request for Sanctions,* and *First Amended Original Answer to First Amended Intervention and Request for Sanctions,* **Sinkin & Barretto, P.L.L.C.**'s *Original Answer to Second Amended Intervention and Request for Sanctions,* **Karen Marvel's** *Original Answer to Second Amended Intervention and Request for Sanctions,* **Harold F. Holmes'** *Emergency Motion to Release Child Support and/or to Dispute the Amount of Arrearages Stated in Child Support Lien and/or to Resolve Ownership Interest with Respect to Property Subject to Child Support Liens* and *Motion to Dismiss Notice of Writ of Withholding or in the Alternative Motion for Leave to File a Motion to Stay Issuance of Writ of Withholding,* and **Patricia Holmes'** *Second Amended Intervention To Resolve Interest in Property Subject To Child Support Liens.*

All matters of law and fact were submitted to the Court. The Court finds it has jurisdiction of the parties and the subject matter of this case. All persons entitled to notice were properly notified. A record of testimony was made, by Delore Johnson

**IT IS ORDERED** that **Amy Williams** is granted and rendered a judgment for child-support arrearages, including accrued interest against **Harold F. Holmes** in the amount of $ 49,934.70 as of JUNE 19, 2009 , the date of rendition of this judgment, such judgment bearing interest at 6 percent simple interest per year until the date the judgment is paid, and is rendered on JUNE 19, 2009 .

Certified Document Number: 42778231 - Page 1 of 6



**EXHIBIT A**

*Attorney's Fees*

**IT IS ORDERED** that a judgment for attorney's fees of $ _5,000.00_ are taxed as costs against **Harold F. Holmes**, and **Harold F. Holmes** is ORDERED to pay those fees, by cash, cashier's check, or money order, directly to **Steven A. Sinkin & Karen L. Marvel**, at Sinkin & Marvel, 105 West Woodlawn, San Antonio, Texas 78212 and **Shawn Casey**, P.O. Box 27247, Houston, Texas 77227. The attorney may enforce this order for fees in the attorney's own name and such judgment bearing interest at the maximum rate provided by law from the date this order is rendered until paid.

In the event of an unsuccessful appeal (direct or indirect) to the Court of Appeals by **Harold F. Holmes** an additional judgment of $ _-0-_ for attorney's fees is granted in favor of **Steven A. Sinkin & Karen L. Marvel** and Sinkin & Marvel and **Shawn Casey** and against **Harold F. Holmes**. In the event of an unsuccessful petition for review or indirect appeal to the Supreme Court of Texas by **Harold F. Holmes** an additional judgment of $ _-0-_ for attorney's fees is granted in favor of **Steven A. Sinkin & Karen L. Marvel** and Sinkin & Marvel and **Shawn Casey** and against **Harold F. Holmes**. In the event the petition for review or indirect appeal to the Supreme Court of Texas by **Harold F. Holmes** is granted and ultimately unsuccessful, an additional judgment of $ _-0-_ for attorney's fees is granted in favor of **Steven A. Sinkin & Karen L. Marvel** and Sinkin & Marvel and **Shawn Casey** and against **Harold F. Holmes**. In the event of the filing of a petition for bankruptcy by **Harold F. Holmes** an additional judgment of $ _-0-_ for attorney's fees is granted in favor of **Steven A. Sinkin & Karen L. Marvel** and Sinkin & Marvel and **Shawn Casey** and against **Harold F. Holmes** for the collection of child support. The attorney may enforce this judgment for fees in the attorney's own name and such judgment

bearing interest at the maximum rate provided by law from the date this order is rendered until paid.

IT IS ORDERED that **Amy Williams** is granted and rendered a judgment for court costs of $ 552.08 against **Harold F. Holmes**. Such judgment for court costs bearing interest at the maximum rate provided by law from the date this order is rendered until paid.

IT IS ORDERED **Amy Williams** is entitled to issue child support liens, levies, and writs of income withholding as remedies for the collection of unpaid child support. ~~IT IS ORDERED the 2005 amendments to §157.005 of the Texas Family Code do not control nor limit the right of a child support obligee to collect unpaid child support by means of a child support lien, levy, or a writ of income withholding.~~ *JR*

*Order for Withholding*

IT IS ORDERED that in addition to all other remedies available to enforce the arrearages enumerated above shall be payable *as permitted by the TEXAS FAMILY Code* through a judicial writ of withholding from earnings for child support ~~within two~~ *in compliance with* ~~by the Texas Family Code. IT IS~~ FURTHER ORDERED that the judicial writ of withholding from earnings for child support shall be binding on **Harold F. Holmes's** present employer and all subsequent employers.

IT IS ORDERED that all child support payments be made to:

Texas Child Support
State Disbursement Unit
P.O. Box 659791
San Antonio, TX 78265-9791

IT IS ORDERED that **Harold F. Holmes's** address for service is 9902 Towne Tower Lane, Sugar Land, Texas 77478. **IT IS FURTHER ORDERED** that **Harold F. Holmes** shall notify in writing this Court, Sinkin & Marvel at 105 West Woodlawn, San Antonio, Texas 78212-3457,

telecopier (210)736-2777, and the State Case Registry within seven (7) days of any change in address or employment.

IT IS ORDERED that all relief requested in Harold F. Holmes' Emergency Motion to Release Child Support and/or to Dispute the Amount of Arrearages Stated in Child Support Lien and/or to Resolve Ownership Interest with Respect to Property Subject to Child Support Liens and Motion to Dismiss Notice of Writ of Withholding or in the Alternative Motion for Leave to File a Motion to Stay Issuance of Writ of Withholding is DENIED.

IT IS ORDERED that all relief requested in Patricia Holmes' Second Amended Intervention To Resolve Interest in Property Subject To Child Support Liens is DENIED.

IT IS ORDERED that all relief not granted herein is denied.

Signed this Date: June 19 , 2009

_____
Hon. Frank Rynd,
Judge Presiding

Certified Document Number: 42778231 - Page 4 of 6

Approved as to Form & Substance:

**Law Offices of**
**Sinkin & Barretto, P.L.L.C.**
105 West Woodlawn
San Antonio, Texas 78212-3457
(210) 732-6000 Telephone
(210) 736-2777 Telecopier

By: _____
      **Steven A. Sinkin**
      State Bar No. 18438700
      **Karen L. Marvel**
      State Bar No. 13144910

**Shawn Casey & Associates**
P.O. Box 27247
Houston, TX 77227
(713) 823-5065 Telephone

By: _____
      **Shawn Casey**
      State Bar No. 03960500

**Attorneys for Amy Williams, Sinkin & Barretto, P.L.L.C., and**
**Karen Marvel**

**Joseph Indelicato, Jr., P.C.**
5291 Dolores
Houston, Texas 77057
(713) 952-1115 Telephone
(713) 532-2949 Telecopier

By: _____
      **Joseph Indelicato, Jr.**
      State Bar No.10389400

**Attorneys for Harold Holmes and**
**Patricia Holmes**

Certified Document Number: 42778231 - Page 5 of 6

**Mr. Randy Boykin**
**Assistant Attorney General**
Houston OAG SW Unit 0607E
Office of the Attorney General, Child Support Division
6200 Savoy, Suite 930
Houston, TX 77036

By: _____

**Randy Boykin, AAG**


_____

**Harold F. Holmes**


_____

**Patricia Holmes**


_____

**Amy Williams**

Certified Document Number: 42778231 - Page 6 of 6



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 13, 2015

Certified Document Number:        42778231 Total Pages:  6

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

NO. 703024

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| | § | |
| GLENNA NOEL HOLMES | § | 309TH JUDICIAL DISTRICT |
| | § | |
| MINOR CHILD | § | HARRIS COUNTY, TEXAS |

## MOTION TO MODIFY, CORRECT, OR REFORM JUDGMENT

HAROLD HOLMES moves this Court to modify, correct, or reform the judgment signed on June 19, 2009, in the above-styled and numbered cause, and in support of this motion shows:

HAROLD HOLMES requests this *Motion to Modify, Correct, or Reform Judgment* for the following reasons: (1) Determining the amount of monthly payment of arrearages allowed to be withheld from Mr. Holmes's earnings; and (2) Calculating the proper amount of interest, if any, on child support arrearages.

### I. Order of Withholding

Since the Court signed the judgment, AMY WILLIAMS has already issued and served six notices of child support liens to financial institutions and garnished $524.20 from HAROLD HOLMES's latest pay check. AMY WILLIAMS, through her attorney of record, has issued a *Judicial Writ of Income Withholding to Employer* ordering HAROLD HOLMES's employer to withhold $2,311.95 per month for child support arrearages. A true and correct copy of the *Judicial Writ of Income Withholding to Employer* is attached hereto and incorporated by reference as Exhibit A. The amount withheld from Mr. Holmes latest paycheck was 50 percent of his paycheck.

HAROLD HOLMES requests this Court modify, correct, or reform the judgment in this cause to show that AMY WILLIAMS is not entitled to child support arrearages, as Mr. Holmes paid child support directly to her, per their agreement until the child was eighteen years old, in an amount above the court ordered child support. In the alternative, HAROLD HOLMES requests this Court modify, correct, or reform

**EXHIBIT B**

1

Certified Document Number: 42854526 - Page 1 of 9

the judgment in this cause to show that **AMY WILLIAMS** shall be authorized to withhold $150.00 per month from **HAROLD HOLMES**'s wages for the child support arrearages, or in the alternative, no more than the specific monthly amount the Court finds appropriate to collect on the judgment on arrears. **HAROLD HOLMES** further requests this Court to terminate the *Judicial Writ of Income Withholding to Employer*, attached as Exhibit A, and sign a wage withholding order that reflects the specific monthly amount the Court orders to be withheld.

Although Section 158.009 of the Texas Family Code states that an obligor may withhold earnings up to a maximum amount of 50 percent, there is no minimum amount required to withhold to collect child support arrearages and the Court may order the monthly amount to be withheld. *In re Chambers*, 5 S.W.3d 341 (Tex. App.—San Antonio 1999, no pet.); *In re D.C.*. 180 S.W.3d 647 (Tex. App.—Waco, 2005, no pet.); and *In the Interest M.C.R.*, 55 S.W.3d 104(Tex. App.—San Antonio, 2001, no pet).

As stated in the opinion of *In the Interest of M.C.R.*. "[t]he trial court is accorded broad discretion in setting and modifying child support payments. *See In re Davis*, 30 S.W.3d 609, 616 (Tex. App.—Texarkana 2000, no pet.). The trial court retains discretion in many other areas concerning child support. For example, the court may exercise discretion in determining the amount of monthly payment of arrearages once the total amount is confirmed, *see Starch v. Nelson*, 878 S.W.2d 302, 308 (Tex. App.—Corpus Christi 1994, no writ); *Tamez v. Tamez*, 822 S.W.2d 688. 692 (Tex. App.—Corpus Christi 1991, writ denied); and in determining whether to extend the repayment schedule for a reasonable length of time upon a showing of unreasonable hardship on the part of the obligor..." *In the Interest M.C.R.*, 55 S.W.3d 104, 109 (Tex. App.—San Antonio, 2001, no pet).

The current withholding order, taking fifty percent of Mr. Holmes's earnings. imposes a severe hardship on him unless the wage withholding order is modified.

Certified Document Number: 42854526 - Page 2 of 9

HAROLD HOLMES requests this Court modify, correct, or reform the judgment in this cause to show that AMY WILLIAMS is not entitled to withhold from his earnings, or, in the alternative, that the amount of monthly withholdings be limited to a specific amount each month that does not impose unreasonable hardship upon him. HAROLD HOLMES further requests this Court to terminate the *Judicial Writ of Income Withholding to Employer*, attached as Exhibit A.

## II. Interest

HAROLD HOLMES does not owe any interest for child support arrearages because he has in fact paid his child support obligation, in full, to AMY WILLIAMS. As such, HAROLD HOLMES requests that the Court modify, correct, or reform the judgment by stating no interest is owed.

In the alternative, if the Court finds that interest is owed, HAROLD HOLMES requests that the Court recalculate the interest. First, the Court should only calculate the interest that AMY WILLIAMS would have been entitled to had she brought a child support action within the timeframe allowed by law, i.e., calculate interest through 1993.

In the alternative, if the Court finds that interest is owed through 2009, HAROLD HOLMES requests the Court recalculate the interest based upon the incorrect computation of the child support arrearages and the interest on the child support arrearages, as stated in *Amy Williams' Exhibit 6*, including but not limited to the incorrect amounts of child support stated for years 1972 and 1977.

In the alternative, HAROLD HOLMES requests the Court recalculate the interest by not computing interest on principal that has not been previously confirmed and reduced to money judgment.

In the alternative, HAROLD HOLMES requests the Court recalculate the interest by not computing prejudgment interest.

Certified Document Number: 42854526 - Page 3 of 9

3

### III. Prayer

**HAROLD HOLMES** prays that this Court modify, correct, or reform the judgment as stated herein.

**HAROLD HOLMES** prays for general relief.

Respectfully submitted,

**THE WADDELL LAW FIRM, P.C.**

By: _____

LAUREN E. WADDELL
State Bar No. 24036440
917 Franklin, Suite 525
Houston, Texas 77002
Tel: (832) 239-8590
Fax: (713) 228-2297-2949
**ATTORNEY FOR HAROLD HOLMES**

### NOTICE OF HEARING

The above motion is set for hearing on __AUG 1 2 2009__ at __9:00 a__. M. in 309th

Judicial District Court, Harris County, Texas.

SIGNED on __July 21, 2009__

_____
Judge or Clerk

Certified Document Number: 42854526 - Page 4 of 9

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above was forwarded via facsimile, and/or certified mail in accordance with the Texas Rules of Civil Procedure on this the 17th day of July, 2009, to the following:

Steven A. Sinkin
Karen L. Marvel
105 West Woodlawn
San Antonio, Texas 78212-3457
(210) 732-6000 (fax)

Randy Boykin
Sue Tomlinson
Office of the Attorney General
6200 Savoy, Suite 930
Houston, Texas 77036
(713) 785-3452 (fax)

Lauren E. Waddell
Attorney for Harold Holmes

Certified Document Number: 42854526 - Page 5 of 9

5

Filed 09 June 24 P1:40
Loren Jackson- District Clerk
Harris County
ED101J015441138
By: Wanda Oakley

ALIEF I·SD

Cause No. 000-70302 JUL 1 5 2009

PAYROLL DEPT

| In the Interest of | § | In the District Court |
| | § | |
| Glenna Noel Holmes | § | 309ᵗʰ Judicial District |
| | § | |
| A Child | § | Harris County, Texas |

## Judicial Writ of Income Withholding to Employer

You, the employer of **Harold F. Holmes** are directed to withhold income from the Obligor's disposable earnings from this employment as follows:

**Obligor:**     Harold F. Holmes                    Obligee: Amy Williams
**SSN:**          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
**Address:**
9902 Towne Tower Lane                         **Unisys** _____
Sugarland, Texas 77478                          **IFAS** _____

**Employer(or any current or subsequent employer in possession of this writ):**

Alief Independent School District
Attn: Teresa Ashton
Human Resources
P.O. Box 68
Alief TX 77411

**Children and Dates of Birth**
Glenna Noel Holmes
12/23/65

### Determination of Arrears:

On June 19, 2009, the court issued an Order on Cumulative Judgment finding **Harold F. Holmes** to be in arrears for the amount of **$55,486.78** as of June 19, 2009.

As used in this Writ, the term "Arrearage" means:

1.  periodic payments on lump sum child support, whether past due or not, or
2.  periodic payments of past due regular and/or medical child support.

Page 1 of 9



EXHIBIT
A

Certified Document Number: 42854526 – Page 6 of 9

All payments shall be made payable to Amy Williams and Child Support - 2 Collect, Inc., and shall identify the Obligor, the Obligee, the date of withholding and cause number, which is **000703024**.

**Notice of Change of Employment:**

An employer is to notify the Court and the LAW OFFICES OF SINKIN & MARVEL within 7 days of the date that the Obligor terminates employment. The employer must provide the Obligor's last known address and the name and address of the Obligor's new employer, if known.

**Reference to the Income Withholding Law:**

Attached to this Writ is a copy of Texas Family Code, Chapter 158, which sets forth rights, duties and potential liabilities of employers, in addition to the provisions of this Writ.

Issued on this date: _____ JUN 2 6 2009 _____



Clerk of the District Court
Harris County, Texas

By: _____
         Deputy

Certified Document Number: 42854526 - Page 7 of 9

## Withholding Earnings for Child Support:

Any current or subsequent employer of Obligor in possession of this Writ is directed to begin withholding from Obligor's disposable earnings no later than the first pay period following the date this Writ is served on the employer.

The amount of earnings to be withheld is:

1.   $2,311.95 if Obligor is paid monthly, which is $0.00 to be applied to current support and $2,311.95 toward the arrearage owed.

2.   $1,155.98 if Obligor is paid twice monthly, which is $0.00 to be applied to current support and $1,155.98 toward the arrearage owed.

3.   $1,066.96 if Obligor is paid every other week, which is $0.00 to be applied to current support and $1,066.96 toward the arrearage owed.

4.   $533.60 if the Obligor is paid every week, which is $0.00 to be applied to current support and $533.60 toward the arrearage owed.

The employer shall withhold earnings in the above amount until you receive notice the total amount due has been paid.

## Maximum Amount Withheld:

The maximum amount to be withheld shall not exceed 50 per cent of Obligor's disposable earnings. If more than one order or writ is received for different children of the same Obligor, payment should be made according to Texas Family Code Section 158.207.

## Definition Of Disposable Earnings

"Disposable Earnings" means the part of the earnings of an individual remaining after the deduction from those earnings of any amount required by law or to be withheld, union dues, non-discretionary retirement contributions, and medical, hospitalization, and disability insurance coverage for the Obligor and the Obligor's children.

## Method of Payment:

The employer is directed to pay all amounts withheld on each regular pay day to:

Texas Child Support
State Disbursement Unit
P.O. Box 659791
San Antonio, TX 7826509791

Page 2 of 9

Certified Document Number: 42854526 - Page 8 of 9

## CLERK'S RETURN

Came to hand on the following date _____ at the following time: _____ o'clock and executed on the following date _____, at the following time: _____ by delivery by certified mail, return receipt requested to the employer named within, as herein directed, a true copy of this Writ together with a copy of the Texas Family Code, Chapter 158.

This original returned on the following date: _____.

**Clerk of the District Court
Harris County, Texas**

By: _____
                 Deputy

**Obligee's Attorney:
Law Offices of
Sinkin & Marvel**
105 West Woodlawn Ave.
San Antonio, TX 78212-3457
210-732-6000 Telephone
210-736-2777 Telecopier



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 13, 2015

Certified Document Number:        42854526 Total Pages:  9

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**



No. 703024

IN THE INTEREST OF

GLENNA NOEL HOLMES

A CHILD

FILED
Loren Jackson
District Clerk

OCT 01 2009

Time: _____
By _____ Deputy

Harris County, Texas

§
§
§
§
§
§
§

IN THE DISTRICT COURT

309TH JUDICIAL DISTRICT

HARRIS COUNTY, TEXAS

### FINAL REFORMED ORDER

On September 18, 2009, the Court heard Amy William's *Motion for Reconsideration; Alternatively Motion for New Trial on the Issue of Attorney's Fees and Otherwise;* and *Motion to Strike Pleadings.* The Court also heard Harold Holmes's *Motion for New Trial for Harold Holmes; Motion to Modify, Correct, or Reform Judgment; Motion for Temporary Orders Pending Appeal; Motion to Supersede Judgment.* The Court also heard Patricia Webber, formerly known as Patricia Holmes's *Motion for Reconsideration* and *Motion for New Trial.*

All persons entitled to notice were properly notified. Amy Williams and Harold Holmes appeared in person and through their respective counsel. Patricia Webber appeared through counsel. The State of Texas did not appear.

A record was made by the official court reporter of the 309th Judicial District Court, Delores Johnson.

IT IS ORDERED that Amy William's *Motion to Strike Pleading* on Harold Holmes's *Motion for Reconsideration; Alternatively Amended Motion for New Trial* is GRANTED as untimely, and the Court proceeded to hear the *Motion for New Trial by Harold Holmes* filed on July 17, 2009.

IT IS ORDERED that Amy William's *Motion for Reconsideration; Alternatively Motion for New Trial on the Issue of Attorney's Fees and Otherwise* was granted in part, as stated herein.

IT IS ORDERED that Harold Holmes's *Motion for New Trial for Harold Holmes; Motion for Temporary Orders Pending Appeal* were denied.



EXHIBIT
C

1

IT IS ORDERED that Harold Holmes's *Motion to Modify, Correct, or Reform Judgment* and *Motion to Supersede Judgment* were granted in part, as stated herein.

IT IS ORDERED that Patricia Holmes's *Motion for Reconsideration* and *Motion for New Trial* were denied.

IT IS ORDERED that Amy Williams is granted and rendered a judgment for child support arrearages, including accrued interest against Harold F. Holmes in the amount of $~~46,764.70~~ 49,934.70 as of ~~September 18~~ June 19, 2009, the date of rendition of this judgment, such judgment bearing interest at 6 percent simple interest per year until the date the judgment is paid and is rendered on ~~September 18~~ June 19, 2009. IT IS ORDERED all payments received after June 19, 2009 shall be credited against this judgment.

IT IS ORDERED that a judgment for attorney's fees of $5,000.00 are taxed as costs against Harold F. Holmes, and Harold Holmes is ORDERED to pay those fees, by cash, cashier's check, or money order, directly to Steven A. Sinkin & Karen L. Marvel, at Sinkin & Marvel, 105 West Woodlawn, San Antonio, Texas 78212 and Shawn Casey, P.O. Box 27247, Houston, Texas 77227. The attorney may enforce this order for fees in the attorney's own name and such judgment bearing interest at the maximum rate provided by law from the date this order is rendered until paid.

In the event of an unsuccessful appeal to the Court of Appeals by Harold F. Holmes an additional judgment of $3,000.00 for attorney's fees is granted in favor of Steven A. Sinkin & Karen L. Marvel and Sinkin & Marvel and Shawn Casey and against Harold Holmes. In the event of an unsuccessful petition for review to the Supreme Court of Texas by Harold Holmes an additional judgment of $2,000.00 for attorney's fees is granted in favor of Steven A. Sinkin & Karen L. Marvel and Sinkin & Marvel and Shawn Casey against Harold Holmes. The attorney may enforce this judgment for fees in the attorney's own name and such judgment bearing interest at the maximum rate provided by law from the date this order is rendered until paid.

2

Certified Document Number: 43704191 - Page 2 of 5

IT IS ORDERED that Amy Williams is granted and rendered a judgment for court costs of $552.08 against Harold Holmes. Such judgment for court costs bearing interest at the maximum rate provided by law from the date this order is rendered until paid.

IT IS ORDERED that Amy Williams is entitled to issue child support liens, levies, and writs of income withholding as remedies for collection of unpaid child support, and all remedies available to enforce the child support arrearage judgment enumerated above shall be payable as permitted by the Texas Family Code and through this Court's *Employer's Order Withholding from Harold Holmes's Earnings* with the following exceptions:

a. IT IS ORDERED that the income withholding shall be limited to $800.00 per month, ~~which includes monthly $500.00 for the judgment on child support interest arrearage and $300.00 for attorney's fees and costs awarded.~~

b. IT IS ORDERED that Harold F. Holmes homestead, presently located at 9902 Towne Tower Lane, Sugar Land, Texas 77478 shall be exempt from any execution for the judgment for child support interest arrearage or the judgment for attorney's fees and costs awarded.

c. IT IS ORDERED that Harold Holmes's 1997 Mercury Marquis motor vehicle, VIN is 2MELM75W0VX710739 shall be exempt from any execution for the judgment for child support interest arrearage or the judgment for attorney's fees and costs awarded.

d. IT IS ORDERED that Harold F. Holmes checking account at Bank of America, Account No. 005865690210 shall be exempt from any execution for the judgment for child support interest arrearage or the judgment for attorney's fees and costs awarded.

IT IS FURTHER ORDERED that the Lien previously issued to Bank of America to execute on Harold F. Holmes's Account No. 005865690210 shall be released and that no other liens may be placed on this bank account for purposes of the judgments enumerated herein.

3

IT IS ORDERED that all child support payments be made to Texas Child Support State Disbursement Unit, P.O. Box 659791, San Antonio, Texas 78265-9791.

IT IS ORDERED that Harold F. Holmes shall notify in writing the Court, and Sinkin & Marvel at 105 West Woodlawn, San Antonio, Texas 78212-3457 telecopier (210) 736-2777, and the State Case Registry within seven (7) days of any changes of address or employment.

On this date, the Court signed an *Employer's Order Withholding from Harold Holmes's Earnings*, which complies with the Court's ruling regarding withholding from Harold F. Holmes's income.

*Date of Order*

Signed this the ___1ST___ day of ___October___, 2009.

_____
JUDGE PRESIDING

APPROVED AS TO FORM:

THE WADDELL LAW FIRM, P.C.

By:_____
LAUREN E. WADDELL
State Bar No. 24036440
917 Franklin, Suite 525
Houston, Texas 77002
(832) 239-8590
(713) 228-2297/Facsimile
ATTORNEY FOR HAROLD HOLMES
AND PATRICIA WEBBER

4

Certified Document Number: 43704191 - Page 4 of 5

LAW OFFICES OF SINKIN & MARVEL

By: _____ Karen L Marvel
STEVEN SINKIN                          13144910
State Bar No. 18438700
105 West Woodlawn Avenue
San Antonio, Texas 78212
(210) 732-6000
(210) 736-2777 (Facsimile)
**ATTORNEY FOR AMY WILLIAMS**


OFFICE OF THE ATTORNEY GENERAL


By:_____
**RANDY BOYKIN**
State Bar No. _____
6200 Savoy, Suite 930
Houston, Texas 77036
(713) 785-3452 (Facsimile)
**ATTORNEY GENERAL**

5

Certified Document Number: 43704191 - Page 5 of 5



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 13, 2015

Certified Document Number:       43704191 Total Pages:  5

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

7/30/2015 3:16:18 PM
Chris Daniel - District Clerk Harris County
Envelope No. 6296607
By: Pat Montgomery
Filed: 7/30/2015 3:16:18 PM
Pgs-3

RAOWX

## INCOME WITHHOLDING FOR SUPPORT

☐ **ORIGINAL INCOME WITHHOLDING ORDER/NOTICE FOR SUPPORT (IWO)**
☐ **AMENDED IWO**
☐ **ONE-TIME ORDER/NOTICE FOR LUMP SUM PAYMENT**
☑ **TERMINATION of IWO**                    **Date:** 07/30/2015

☐ Child Support Enforcement (CSE) Agency ☑ Court ☐ Attorney ☐ Private Individual/Entity (Check One)

**NOTE:** This IWO must be regular on its face. Under certain circumstances you must reject this IWO and return it to the sender (see IWO instructions http://www.acf.hhs.gov/programs/cse/forms/OMB-0970-0154_instructions.pdf). If you receive this document from someone other than a State or Tribal CSE agency or a Court, a copy of the underlying order must be attached.

State/Tribe/Territory Texas
City/County/Dist./Tribe Harris County
Private Individual/Entity _____

Remittance Identifier (include w/payment) _____
Order Identifier 000703024 / 309TH
CSE Agency Case Identifier 0010679282

Alief ISD
**Employer/Income Withholder's Name**

RE: Holmes, Harold
**Employee/Obligor's Name (Last, First, Middle)**
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

**Employer/Income Withholder's Address**
P.O. Box 68

**Employee/Obligor's Social Security Number**
Williams, Amy
**Custodial Party/Obligee's Name (Last, First, Middle)**

Alief, Texas 77411

**Employer/Income Withholder's FEIN** _____

**Child(ren)'s Name(s) (Last, First, Middle)**
Holmes, Glenna Noel

**Child(ren)'s Birth Date(s)**
12/23/1965

**ORDER INFORMATION:** This document is based on the support or withholding order from Texas (State/Tribe). You are required by law to deduct these amounts from the employee/obligor's income until further notice.

$ ____0____ Per month _____ current child support
$ ____0____ Per month _____ past-due child support - **Arrears greater than 12 weeks?** ☐Yes ☐No
$ ____0____ Per month _____ current cash medical support
$ ____0____ Per month _____ past-due cash medical support
$ ____0____ Per month _____ current spousal support
$ ____0____ Per month _____ past-due spousal support
$ ____0____ Per month _____ other (must specify) past-due child support obligation temporarily suspended until October 2, 2015 .
for a **Total Amount to Withhold of $** ____0____ per month _____ .

**AMOUNTS TO WITHHOLD:** You do not have to vary your pay cycle to be in compliance with the *Order Information*. If your pay cycle does not match the ordered payment cycle, withhold one of the following amounts:

$ ____0____ per weekly pay period          $ ____0____ per semimonthly pay period (twice a month)
$ ____0____ per biweekly pay period (every two weeks) $ ____0____ per monthly pay period
$ _____ **Lump Sum Payment:** Do not stop any existing IWO unless you receive a termination order.

**REMITTANCE INFORMATION:** If the employee/obligor's principal place of employment is Texas (State/Tribe), you must begin withholding no later than the first pay period that occurs ——— days after the date of receipt . Send payment within same working days of the pay date. If you cannot withhold the full amount of support for any or all orders for this employee/obligor, withhold up to 50 % of disposable income for all orders. If the employee/obligor's principal place of employment is not Texas (State/Tribe), obtain withholding limitations, time requirements, and any allowable employer fees at http://www.acf.hhs.gov/programs/cse/newhire/employer/contacts/contact_map.htm for the employee/obligor's principal place of employment.

Document Tracking Identifier _____

**EXHIBIT D**

OMB 0970-0154

Certified Document Number: 66465545 - Page 1 of 3

For electronic payment requirements and centralized payment collection and disbursement facility information (State Disbursement Unit [SDU]), see http://www.acf.hhs.gov/programs/cse/newhire/employer/contacts/contact_map.htm.

Include the *Remittance Identifier* with the payment and if necessary this FIPS code: _____

Remit payment to Texas Child Support Disbursement Unit (TxCSDU)                     (SDU/Tribal Order Payee)
at P.O. Box 659791, San Antonio, Texas 78265-9791                                  (SDU/Tribal Payee Address)

☐ **Return to Sender [Completed by Employer/Income Withholder].** Payment must be directed to an SDU in accordance with 42 USC §666(b)(5) and (b)(6) or Tribal Payee (see Payments to SDU below). If payment is not directed to an SDU/Tribal Payee or this IWO is not regular on its face, you *must* check this box and return the IWO to the sender.

| |
|---|
| Signature of Judge/Issuing Official (if required by State or Tribal law): |
| Print Name of Judge/Issuing Official: |
| Title of Judge/Issuing Official: Signed: *Beverly B. Malazzo* |
| Date of Signature: 7/31/2015 |

If the employee/obligor works in a State or for a Tribe that is different from the State or Tribe that issued this order, a copy of this IWO must be provided to the employee/obligor.
☐ If checked, the employer/income withholder must provide a copy of this form to the employee/obligor.

## ADDITIONAL INFORMATION FOR EMPLOYERS/INCOME WITHHOLDERS

State-specific contact and withholding information can be found on the Federal Employer Services website located at:
http://www.acf.hhs.gov/programs/cse/newhire/employer/contacts/contact_map.htm

**Priority:** Withholding for support has priority over any other legal process under State law against the same income (USC 42 §666(b)(7)). If a Federal tax levy is in effect, please notify the sender.

**Combining Payments:** When remitting payments to an SDU or Tribal CSE agency, you may combine withheld amounts from more than one employee/obligor's income in a single payment. You must, however, separately identify each employee/obligor's portion of the payment.

**Payments To SDU:** You must send child support payments payable by income withholding to the appropriate SDU or to a Tribal CSE agency. If this IWO instructs you to send a payment to an entity other than an SDU (e.g., payable to the custodial party, court, or attorney), you must check the box above and return this notice to the sender. Exception: If this IWO was sent by a Court, Attorney, or Private Individual/Entity and the initial order was entered before January 1, 1994 or the order was issued by a Tribal CSE agency, you must follow the "Remit payment to" instructions on this form.

**Reporting the Pay Date:** You must report the pay date when sending the payment. The pay date is the date on which the amount was withheld from the employee/obligor's wages. You must comply with the law of the State (or Tribal law if applicable) of the employee/obligor's principal place of employment regarding time periods within which you must implement the withholding and forward the support payments.

**Multiple IWOs:** If there is more than one IWO against this employee/obligor and you are unable to fully honor all IWOs due to Federal, State, or Tribal withholding limits, you must honor all IWOs to the greatest extent possible, giving priority to current support before payment of any past-due support. Follow the State or Tribal law/procedure of the employee/obligor's principal place of employment to determine the appropriate allocation method.

**Lump Sum Payments:** You may be required to notify a State or Tribal CSE agency of upcoming lump sum payments to this employee/obligor such as bonuses, commissions, or severance pay. Contact the sender to determine if you are required to report and/or withhold lump sum payments.

**Liability:** If you have any doubts about the validity of this IWO, contact the sender. If you fail to withhold income from the employee/obligor's income as the IWO directs, you are liable for both the accumulated amount you should have withheld and any penalties set by State or Tribal law/procedure.

**Anti-discrimination:** You are subject to a fine determined under State or Tribal law for discharging an employee/obligor from employment, refusing to employ, or taking disciplinary action against an employee/obligor because of this IWO.

OMB Expiration Date – 05/31/2014. The OMB Expiration Date has no bearing on the termination date of the IWO; it identifies the version of the form currently in use.

Employer's Name: Alief ISD           Employer FEIN: _____

Employee/Obligor's Name: Harold Holmes

CSE Agency Case Identifier: 0010679282    Order Identifier: 000703024

**Withholding Limits:** You may not withhold more than the lesser of: 1) the amounts allowed by the Federal Consumer Credit Protection Act (CCPA) (15 U.S.C. 1673(b)); or 2) the amounts allowed by the State or Tribe of the employee/ obligor's principal place of employment (see *REMITTANCE INFORMATION*). Disposable income is the net income left after making mandatory deductions such as: State, Federal, local taxes; Social Security taxes; statutory pension contributions; and Medicare taxes. The Federal limit is 50% of the disposable income if the obligor is supporting another family and 60% of the disposable income if the obligor is not supporting another family. However, those limits increase 5% - to 55% and 65% - if the arrears are greater than 12 weeks. If permitted by the State or Tribe, you may deduct a fee for administrative costs. The combined support amount and fee may not exceed the limit indicated in this section.

For Tribal orders, you may not withhold more than the amounts allowed under the law of the issuing Tribe. For Tribal employers/income withholders who receive a State IWO, you may not withhold more than the lesser of the limit set by the law of the jurisdiction in which the employer/income withholder is located or the maximum amount permitted under section 303(d) of the CCPA (15 U.S.C. 1673 (b)).

Depending upon applicable State or Tribal law, you may need to also consider the amounts paid for health care premiums in determining disposable income and applying appropriate withholding limits.

**Arrears greater than 12 weeks?** If the *Order Information* does not indicate that the arrears are greater than 12 weeks, then the Employer should calculate the CCPA limit using the lower percentage.

**Additional Information:**

---

**NOTIFICATION OF EMPLOYMENT TERMINATION OR INCOME STATUS:** If this employee/obligor never worked for you or you are no longer withholding income for this employee/obligor, an employer must promptly notify the CSE agency and/or the sender by returning this form to the address listed in the Contact Information below:

☐ This person has never worked for this employer nor received periodic income.

☐ This person no longer works for this employer nor receives periodic income.

Please provide the following information for the employee/obligor:

Termination date: _____   Last known phone number: _____

Last known address: _____

Final payment date to SDU/ Tribal Payee: _____   Final payment amount: _____

New employer's name: _____

New employer's address: _____

---

**CONTACT INFORMATION:**

**To Employer/Income Withholder:** If you have any questions, contact 309th District Court _____ (Issuer name) by phone at (713) 274-4520 _____, by fax at _____, by email or website at: _____ .

Send termination/income status notice and other correspondence to:
201 Caroline, 16th Floor, Houston, Texas 77002 _____ (Issuer address).

**To Employee/Obligor:** If the employee/obligor has questions, contact 309th District Court _____ (Issuer name) by phone at (713) 274-4520 _____, by fax at _____, by email or website at _____ .

IMPORTANT: The person completing this form is advised that the information may be shared with the employee/obligor.

Certified Document Number: 66465545 - Page 3 of 3



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   August 13, 2015

Certified Document Number:      66465545 Total Pages:  3

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

7/30/2015 3:16:18 PM
Chris Daniel - District Clerk Harris County
Envelope No. 6296607
By: Pat Montgomery
Filed: 7/30/2015 3:16:18 PM
Pgs-3

# INCOME WITHHOLDING FOR SUPPORT

AOWOX

☐ ORIGINAL INCOME WITHHOLDING ORDER/NOTICE FOR SUPPORT (IWO)
☑ AMENDED IWO
☐ ONE-TIME ORDER/NOTICE FOR LUMP SUM PAYMENT
☐ TERMINATION of IWO

**Date:** 10/02/2015

☐ Child Support Enforcement (CSE) Agency ☑ Court ☐ Attorney ☐ Private Individual/Entity (Check One)

**NOTE:** This IWO must be regular on its face. Under certain circumstances you must reject this IWO and return it to the sender (see IWO instructions http://www.acf.hhs.gov/programs/cse/forms/OMB-0970-0154_instructions.pdf). If you receive this document from someone other than a State or Tribal CSE agency or a Court, a copy of the underlying order must be attached.

State/Tribe/Territory Texas
City/County/Dist./Tribe Harris County
Private Individual/Entity _____

Remittance Identifier (include w/payment) _____
Order Identifier 000703024 / 309TH
CSE Agency Case Identifier 0010679282

Alief ISD
Employer/Income Withholder's Name

RE: Holmes, Harold
Employee/Obligor's Name (Last, First, Middle)
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

Employer/Income Withholder's Address
P.O. Box 68

Employee/Obligor's Social Security Number
Williams, Amy
Custodial Party/Obligee's Name (Last, First, Middle)

Alief, Texas 77411

Employer/Income Withholder's FEIN _____

Child(ren)'s Name(s) (Last, First, Middle)
Holmes, Glenna Noel

Child(ren)'s Birth Date(s)
12/23/1965

**ORDER INFORMATION:** This document is based on the support or withholding order from Texas (State/Tribe). You are required by law to deduct these amounts from the employee/obligor's income until further notice.

$ _____ Per _____ current child support
$ _____ Per _____ past-due child support - **Arrears greater than 12 weeks?** ☐ Yes ☐ No
$ _____ Per _____ current cash medical support
$ _____ Per _____ past-due cash medical support
$ _____ Per _____ current spousal support
$ _____ Per _____ past-due spousal support
$ 800.00 Per month other (must specify) past-due child support reinstated October 2, 2015
for a Total Amount to Withhold of $ 800.00 per month .

**AMOUNTS TO WITHHOLD:** You do not have to vary your pay cycle to be in compliance with the *Order Information*. If your pay cycle does not match the ordered payment cycle, withhold one of the following amounts:

$ 184.62 per weekly pay period          $ 400.00 per semimonthly pay period (twice a month)
$ 369.23 per biweekly pay period (every two weeks) $ 800.00 per monthly pay period
$ _____ **Lump Sum Payment:** Do not stop any existing IWO unless you receive a termination order.

**REMITTANCE INFORMATION:** If the employee/obligor's principal place of employment is Texas (State/Tribe), you must begin withholding no later than the first pay period that occurs ____ days after the date of receipt . Send payment within same working days of the pay date. If you cannot withhold the full amount of support for any or all orders for this employee/obligor, withhold up to 50 % of disposable income for all orders. If the employee/obligor's principal place of employment is not Texas (State/Tribe), obtain withholding limitations, time requirements, and any allowable employer fees at http://www.acf.hhs.gov/programs/cse/newhire/employer/contacts/contact_map.htm for the employee/obligor's principal place of employment.

Document Tracking Identifier _____

EXHIBIT

E

OMB 0970-0154

Certified Document Number: 66465652 - Page 1 of 3

For electronic payment requirements and centralized payment collection and disbursement facility information (State Disbursement Unit [SDU]), see http://www.acf.hhs.gov/programs/cse/newhire/employer/contacts/contact_map.htm.

Include the *Remittance Identifier* with the **payment and if necessary this FIPS code:** _____ .

Remit payment to Texas Child Support Disbursement Unit (TxCSDU) _____ (SDU/Tribal Order Payee)
at P.O. Box 659791, San Antonio, Texas 78265-9791 _____ (SDU/Tribal Payee Address)

☐ **Return to Sender [Completed by Employer/Income Withholder].** Payment must be directed to an SDU in accordance with 42 USC §666(b)(5) and (b)(6) or Tribal Payee (see Payments to SDU below). If payment is not directed to an SDU/Tribal Payee or this IWO is not regular on its face, you *must* check this box and return the IWO to the sender.

| |
|---|
| Signature of Judge/Issuing Official (if required by State or Tribal law): |
| Print Name of Judge/Issuing Official: Signed: *Beverly B. Malazzo* |
| Title of Judge/Issuing Official: |
| Date of Signature: 7/31/2015 |

If the employee/obligor works in a State or for a Tribe that is different from the State or Tribe that issued this order, a copy of this IWO must be provided to the employee/obligor.
☐ If checked, the employer/income withholder must provide a copy of this form to the employee/obligor.

## ADDITIONAL INFORMATION FOR EMPLOYERS/INCOME WITHHOLDERS

State-specific contact and withholding information can be found on the Federal Employer Services website located at:
http://www.acf.hhs.gov/programs/cse/newhire/employer/contacts/contact_map.htm

**Priority:** Withholding for support has priority over any other legal process under State law against the same income (USC 42 §666(b)(7)). If a Federal tax levy is in effect, please notify the sender.

**Combining Payments:** When remitting payments to an SDU or Tribal CSE agency, you may combine withheld amounts from more than one employee/obligor's income in a single payment. You must, however, separately identify each employee/obligor's portion of the payment.

**Payments To SDU:** You must send child support payments payable by income withholding to the appropriate SDU or to a Tribal CSE agency. If this IWO instructs you to send a payment to an entity other than an SDU (e.g., payable to the custodial party, court, or attorney), you must check the box above and return this notice to the sender. Exception: If this IWO was sent by a Court, Attorney, or Private Individual/Entity and the initial order was entered before January 1, 1994 or the order was issued by a Tribal CSE agency, you must follow the "Remit payment to" instructions on this form.

**Reporting the Pay Date:** You must report the pay date when sending the payment. The pay date is the date on which the amount was withheld from the employee/obligor's wages. You must comply with the law of the State (or Tribal law if applicable) of the employee/obligor's principal place of employment regarding time periods within which you must implement the withholding and forward the support payments.

**Multiple IWOs:** If there is more than one IWO against this employee/obligor and you are unable to fully honor all IWOs due to Federal, State, or Tribal withholding limits, you must honor all IWOs to the greatest extent possible, giving priority to current support before payment of any past-due support. Follow the State or Tribal law/procedure of the employee/obligor's principal place of employment to determine the appropriate allocation method.

**Lump Sum Payments:** You may be required to notify a State or Tribal CSE agency of upcoming lump sum payments to this employee/obligor such as bonuses, commissions, or severance pay. Contact the sender to determine if you are required to report and/or withhold lump sum payments.

**Liability:** If you have any doubts about the validity of this IWO, contact the sender. If you fail to withhold income from the employee/obligor's income as the IWO directs, you are liable for both the accumulated amount you should have withheld and any penalties set by State or Tribal law/procedure.

**Anti-discrimination:** You are subject to a fine determined under State or Tribal law for discharging an employee/obligor from employment, refusing to employ, or taking disciplinary action against an employee/obligor because of this IWO.

OMB Expiration Date – 05/31/2014. The OMB Expiration Date has no bearing on the termination date of the IWO; it identifies the version of the form currently in use.

Certified Document Number: 6646552 - Page 2 of 3

Employer's Name: Alief ISD      Employer FEIN: _____

Employee/Obligor's Name: Harold Holmes

CSE Agency Case Identifier: 0010679282     Order Identifier: 000703024

**Withholding Limits:** You may not withhold more than the lesser of: 1) the amounts allowed by the Federal Consumer Credit Protection Act (CCPA) (15 U.S.C. 1673(b)); or 2) the amounts allowed by the State or Tribe of the employee/obligor's principal place of employment (see *REMITTANCE INFORMATION*). Disposable income is the net income left after making mandatory deductions such as: State, Federal, local taxes; Social Security taxes; statutory pension contributions; and Medicare taxes. The Federal limit is 50% of the disposable income if the obligor is supporting another family and 60% of the disposable income if the obligor is not supporting another family. However, those limits increase 5% - to 55% and 65% - if the arrears are greater than 12 weeks. If permitted by the State or Tribe, you may deduct a fee for administrative costs. The combined support amount and fee may not exceed the limit indicated in this section.

For Tribal orders, you may not withhold more than the amounts allowed under the law of the issuing Tribe. For Tribal employers/income withholders who receive a State IWO, you may not withhold more than the lesser of the limit set by the law of the jurisdiction in which the employer/income withholder is located or the maximum amount permitted under section 303(d) of the CCPA (15 U.S.C. 1673 (b)).

Depending upon applicable State or Tribal law, you may need to also consider the amounts paid for health care premiums in determining disposable income and applying appropriate withholding limits.

**Arrears greater than 12 weeks?** If the *Order Information* does not indicate that the arrears are greater than 12 weeks, then the Employer should calculate the CCPA limit using the lower percentage.

**Additional Information:**

_____

**NOTIFICATION OF EMPLOYMENT TERMINATION OR INCOME STATUS:** If this employee/obligor never worked for you or you are no longer withholding income for this employee/obligor, an employer must promptly notify the CSE agency and/or the sender by returning this form to the address listed in the Contact Information below:

☐ This person has never worked for this employer nor received periodic income.

☐ This person no longer works for this employer nor receives periodic income.

Please provide the following information for the employee/obligor:

Termination date: _____     Last known phone number: _____

Last known address: _____

Final payment date to SDU/ Tribal Payee: _____    Final payment amount: _____

New employer's name: _____

New employer's address: _____

**CONTACT INFORMATION:**

**To Employer/Income Withholder:** If you have any questions, contact 309th District Court _____ (Issuer name) by phone at (713) 274-4520 _____, by fax at _____, by email or website at: _____ .

Send termination/income status notice and other correspondence to: 201 Caroline, 16th Floor, Houston, Texas 77002 _____ (Issuer address).

**To Employee/Obligor:** If the employee/obligor has questions, contact 309th District Court _____ (Issuer name) by phone at (713) 274-4520 _____, by fax at _____, by email or website at _____ .

IMPORTANT: The person completing this form is advised that the information may be shared with the employee/obligor.

Certified Document Number: 66465652 - Page 3 of 3



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   August 13, 2015

Certified Document Number:        66465652 Total Pages:  3

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**



# Office of the Attorney General
# Texas Child Support Disbursement Unit Payment Record

This payment record reflects Non-Custodial Parent payments received by the Texas Child Support Disbursement Unit and payments received or recorded prior to the establishment of the Texas Child Support Disbursement Unit.

You may need to contact the local child support registry of the County that issued the order to ensure a complete payment record is obtained for the specified Case/Cause numbers, if the Office of the Attorney General was not the Non-Custodial Parent's payment registry before the Texas Child Support Disbursement Unit began

This payment record was generated      08/13/2015

Total Paid:   53,781.85

Names:   HAROLD HOLMES  (NCP) , AMY WILLIAMS  (CP)

Cause Number    703024

| Payment Record    07/16/2009 - 08/12/2015 | | |
| --- | --- | --- |
| Payment Date (MM/DD/YYYY) | Payment Amount | Cause ID |
| 07/31/2015 | 400.00 | 703024 |
| 07/16/2015 | 400.00 | 703024 |
| 07/01/2015 | 400.00 | 703024 |
| 06/16/2015 | 400.00 | 703024 |
| 06/01/2015 | 400.00 | 703024 |
| 05/18/2015 | 400.00 | 703024 |
| 05/01/2015 | 400.00 | 703024 |
| 04/16/2015 | 400.00 | 703024 |
| 04/01/2015 | 400.00 | 703024 |
| 03/09/2015 | 400.00 | 703024 |
| 03/02/2015 | 400.00 | 703024 |
| 02/17/2015 | 400.00 | 703024 |
| 02/02/2015 | 400.00 | 703024 |
| 01/16/2015 | 400.00 | 703024 |
| 12/22/2014 | 400.00 | 703024 |
| 12/16/2014 | 400.00 | 703024 |
| 11/24/2014 | 400.00 | 703024 |
| 11/17/2014 | 400.00 | 703024 |
| 11/03/2014 | 400.00 | 703024 |
| 10/16/2014 | 400.00 | 703024 |

This is a true and correct copy of the computerized official child support payment records of the Texas Child Support Disbursement Unit.

This payment record is admissible in a court proceeding as evidence of payments made through the Texas Child Support Disbursement Unit pursuant to Texas Family Code Section 157.002(b)(3), Section 157.162(c), and Section 234.001(d).

Page 1 of 7



EXHIBIT

F



# Office of the Attorney General
# Texas Child Support Disbursement Unit Payment Record

| Payment Date (MM/DD/YYYY) | Payment Amount | Cause ID |
|---|---|---|
| 10/01/2014 | 400.00 | 703024 |
| 09/16/2014 | 400.00 | 703024 |
| 09/02/2014 | 400.00 | 703024 |
| 08/18/2014 | 400.00 | 703024 |
| 08/01/2014 | 400.00 | 703024 |
| 07/16/2014 | 400.00 | 703024 |
| 07/01/2014 | 400.00 | 703024 |
| 06/13/2014 | 400.00 | 703024 |
| 06/02/2014 | 400.00 | 703024 |
| 05/16/2014 | 325.06 | 703024 |
| 05/01/2014 | 356.03 | 703024 |
| 04/16/2014 | 357.44 | 703024 |
| 04/01/2014 | 389.57 | 703024 |
| 03/10/2014 | 400.00 | 703024 |
| 03/03/2014 | 347.00 | 703024 |
| 02/18/2014 | 376.68 | 703024 |
| 02/03/2014 | 400.00 | 703024 |
| 01/16/2014 | 400.00 | 703024 |
| 12/23/2013 | 400.00 | 703024 |
| 12/16/2013 | 400.00 | 703024 |
| 11/25/2013 | 400.00 | 703024 |
| 11/18/2013 | 400.00 | 703024 |
| 11/01/2013 | 400.00 | 703024 |
| 10/16/2013 | 400.00 | 703024 |
| 10/01/2013 | 400.00 | 703024 |
| 09/16/2013 | 400.00 | 703024 |
| 09/03/2013 | 400.00 | 703024 |
| 08/16/2013 | 400.00 | 703024 |
| 08/01/2013 | 400.00 | 703024 |
| 07/16/2013 | 400.00 | 703024 |
| 06/28/2013 | 400.00 | 703024 |
| 06/14/2013 | 400.00 | 703024 |

This is a true and correct copy of the computerized official child support payment records of the Texas Child Support Disbursement Unit.

This payment record is admissible in a court proceeding as evidence of payments made through the Texas Child Support Disbursement Unit pursuant to Texas Family Code Section 157.002(b)(3), Section 157.162(c), and Section 234.001(d).



# Office of the Attorney General
# Texas Child Support Disbursement Unit Payment Record

| Payment Date (MM/DD/YYYY) | Payment Amount | Cause ID |
|---|---|---|
| 06/03/2013 | 400.00 | 703024 |
| 05/16/2013 | 400.00 | 703024 |
| 05/01/2013 | 400.00 | 703024 |
| 04/16/2013 | 400.00 | 703024 |
| 03/29/2013 | 400.00 | 703024 |
| 03/11/2013 | 400.00 | 703024 |
| 03/01/2013 | 400.00 | 703024 |
| 02/19/2013 | 400.00 | 703024 |
| 02/01/2013 | 378.10 | 703024 |
| 01/16/2013 | 400.00 | 703024 |
| 12/26/2012 | 400.00 | 703024 |
| 12/17/2012 | 400.00 | 703024 |
| 12/03/2012 | 400.00 | 703024 |
| 11/16/2012 | 400.00 | 703024 |
| 11/01/2012 | 400.00 | 703024 |
| 10/16/2012 | 400.00 | 703024 |
| 10/01/2012 | 400.00 | 703024 |
| 09/17/2012 | 400.00 | 703024 |
| 09/04/2012 | 321.54 | 703024 |
| 08/16/2012 | 400.00 | 703024 |
| 08/01/2012 | 400.00 | 703024 |
| 07/13/2012 | 400.00 | 703024 |
| 06/29/2012 | 400.00 | 703024 |
| 06/15/2012 | 400.00 | 703024 |
| 06/01/2012 | 400.00 | 703024 |
| 05/16/2012 | 400.00 | 703024 |
| 05/01/2012 | 400.00 | 703024 |
| 04/16/2012 | 400.00 | 703024 |
| 04/02/2012 | 400.00 | 703024 |
| 03/12/2012 | 400.00 | 703024 |
| 03/01/2012 | 400.00 | 703024 |
| 02/16/2012 | 400.00 | 703024 |

This is a true and correct copy of the computerized official child support payment records of the Texas Child Support Disbursement Unit.

This payment record is admissible in a court proceeding as evidence of payments made through the Texas Child Support Disbursement Unit pursuant to Texas Family Code Section 157.002(b)(3), Section 157.162(c), and Section 234.001(d).



# Office of the Attorney General
# Texas Child Support Disbursement Unit Payment Record

| Payment Date (MM/DD/YYYY) | Payment Amount | Cause ID |
|---|---|---|
| 02/01/2012 | 383.96 | 703024 |
| 01/17/2012 | 400.00 | 703024 |
| 12/19/2011 | 400.00 | 703024 |
| 12/16/2011 | 400.00 | 703024 |
| 12/01/2011 | 550.00 | 703024 |
| 11/16/2011 | 250.00 | 703024 |
| 11/01/2011 | 250.00 | 703024 |
| 10/17/2011 | 250.00 | 703024 |
| 10/03/2011 | 69.24 | 703024 |
| 09/30/2011 | 250.00 | 703024 |
| 09/19/2011 | 69.24 | 703024 |
| 09/16/2011 | 250.00 | 703024 |
| 09/01/2011 | 250.00 | 703024 |
| 08/16/2011 | 250.00 | 703024 |
| 07/29/2011 | 250.00 | 703024 |
| 07/15/2011 | 250.00 | 703024 |
| 07/01/2011 | 250.00 | 703024 |
| 06/16/2011 | 250.00 | 703024 |
| 06/01/2011 | 250.00 | 703024 |
| 05/16/2011 | 250.00 | 703024 |
| 05/02/2011 | 250.00 | 703024 |
| 04/18/2011 | 250.00 | 703024 |
| 04/01/2011 | 250.00 | 703024 |
| 03/14/2011 | 250.00 | 703024 |
| 03/02/2011 | 250.00 | 703024 |
| 02/16/2011 | 250.00 | 703024 |
| 02/01/2011 | 250.00 | 703024 |
| 01/18/2011 | 250.00 | 703024 |
| 12/20/2010 | 250.00 | 703024 |
| 12/16/2010 | 250.00 | 703024 |
| 12/01/2010 | 250.00 | 703024 |
| 11/16/2010 | 250.00 | 703024 |

This is a true and correct copy of the computerized official child support payment records of the Texas Child Support Disbursement Unit.

This payment record is admissible in a court proceeding as evidence of payments made through the Texas Child Support Disbursement Unit pursuant to Texas Family Code Section 157.002(b)(3), Section 157.162(c), and Section 234.001(d).



# Office of the Attorney General
# Texas Child Support Disbursement Unit Payment Record

| Payment Date (MM/DD/YYYY) | Payment Amount | Cause ID |
| --- | --- | --- |
| 11/01/2010 | 250.00 | 703024 |
| 10/18/2010 | 250.00 | 703024 |
| 10/01/2010 | 250.00 | 703024 |
| 09/16/2010 | 250.00 | 703024 |
| 09/01/2010 | 299.32 | 703024 |
| 07/12/2010 | 69.24 | 703024 |
| 07/06/2010 | 69.24 | 703024 |
| 07/01/2010 | 250.00 | 703024 |
| 06/28/2010 | 69.24 | 703024 |
| 06/21/2010 | 69.24 | 703024 |
| 06/16/2010 | 250.00 | 703024 |
| 06/14/2010 | 69.24 | 703024 |
| 06/07/2010 | 69.24 | 703024 |
| 06/01/2010 | 69.24 | 703024 |
| 06/01/2010 | 250.00 | 703024 |
| 05/24/2010 | 69.24 | 703024 |
| 05/17/2010 | 69.24 | 703024 |
| 05/14/2010 | 250.00 | 703024 |
| 05/10/2010 | 69.24 | 703024 |
| 05/03/2010 | 69.24 | 703024 |
| 05/03/2010 | 250.00 | 703024 |
| 04/26/2010 | 69.24 | 703024 |
| 04/19/2010 | 69.24 | 703024 |
| 04/16/2010 | 250.00 | 703024 |
| 04/12/2010 | 69.24 | 703024 |
| 04/05/2010 | 69.24 | 703024 |
| 04/01/2010 | 250.00 | 703024 |
| 03/29/2010 | 69.24 | 703024 |
| 03/22/2010 | 69.24 | 703024 |
| 03/15/2010 | 69.24 | 703024 |
| 03/15/2010 | 250.00 | 703024 |
| 03/08/2010 | 69.24 | 703024 |

This is a true and correct copy of the computerized official child support payment records of the Texas Child Support Disbursement Unit.

This payment record is admissible in a court proceeding as evidence of payments made through the Texas Child Support Disbursement Unit pursuant to Texas Family Code Section 157.002(b)(3), Section 157.162(c), and Section 234.001(d).



# Office of the Attorney General
# Texas Child Support Disbursement Unit Payment Record

| Payment Date (MM/DD/YYYY) | Payment Amount | Cause ID |
| --- | --- | --- |
| 03/01/2010 | 69.24 | 703024 |
| 03/01/2010 | 250.00 | 703024 |
| 02/22/2010 | 69.24 | 703024 |
| 02/16/2010 | 69.24 | 703024 |
| 02/16/2010 | 250.00 | 703024 |
| 02/08/2010 | 69.24 | 703024 |
| 02/01/2010 | 69.24 | 703024 |
| 01/29/2010 | 250.00 | 703024 |
| 01/25/2010 | 69.24 | 703024 |
| 01/19/2010 | 69.24 | 703024 |
| 01/15/2010 | 250.00 | 703024 |
| 01/11/2010 | 69.24 | 703024 |
| 01/04/2010 | 69.24 | 703024 |
| 12/28/2009 | 69.24 | 703024 |
| 12/21/2009 | 69.24 | 703024 |
| 12/21/2009 | 250.00 | 703024 |
| 12/16/2009 | 250.00 | 703024 |
| 12/14/2009 | 69.24 | 703024 |
| 12/07/2009 | 69.24 | 703024 |
| 11/30/2009 | 69.24 | 703024 |
| 11/30/2009 | 250.00 | 703024 |
| 11/23/2009 | 69.24 | 703024 |
| 11/16/2009 | 69.24 | 703024 |
| 11/16/2009 | 250.00 | 703024 |
| 11/09/2009 | 69.24 | 703024 |
| 11/02/2009 | 250.00 | 703024 |
| 11/02/2009 | 69.24 | 703024 |
| 10/26/2009 | 205.28 | 703024 |
| 10/19/2009 | 205.28 | 703024 |
| 10/16/2009 | 311.84 | 703024 |
| 10/13/2009 | 205.28 | 703024 |
| 10/05/2009 | 205.28 | 703024 |

This is a true and correct copy of the computerized official child support payment records of the Texas Child Support Disbursement Unit.

This payment record is admissible in a court proceeding as evidence of payments made through the Texas Child Support Disbursement Unit pursuant to Texas Family Code Section 157.002(b)(3), Section 157.162(c), and Section 234.001(d).



# Office of the Attorney General
# Texas Child Support Disbursement Unit Payment Record

| Payment Date (MM/DD/YYYY) | Payment Amount | Cause ID |
|---|---|---|
| 10/01/2009 | 316.24 | 703024 |
| 09/28/2009 | 205.28 | 703024 |
| 09/22/2009 | 362.79 | 703024 |
| 09/21/2009 | 205.28 | 703024 |
| 08/31/2009 | 300.06 | 703024 |
| 08/17/2009 | 300.06 | 703024 |
| 08/03/2009 | 549.92 | 703024 |
| 07/16/2009 | 524.20 | 703024 |

This is a true and correct copy of the computerized official child support payment records of the Texas Child Support Disbursement Unit.

This payment record is admissible in a court proceeding as evidence of payments made through the Texas Child Support Disbursement Unit pursuant to Texas Family Code Section 157.002(b)(3), Section 157.162(c), and Section 234.001(d).